UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DANIELLE LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-85-JEM |
| | ) | |
| SPEEDWAY, LLC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006).

Defendant removed this action to federal court. The Notice of Removal alleges that the Court's subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1441. Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Defendant, in this case "the party seeking to invoke federal diversity jurisdiction . . . bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met." *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). Anything less can result in remand for want of jurisdiction. *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002).

Regarding Plaintiff's citizenship, the notice of removal states only that Plaintiff is "a citizen of the State of Indiana." ¶ 3. To show that complete diversity is met, Defendant must support its allegations with "evidence which proves 'to a reasonable probability that jurisdiction exists.'" *Chase*, 110 F.3d at 427 (quoting *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993)). Because Defendant did not offer any evidence in support of its statement, it has not met that burden. The

1

Court notes that while the Complaint discusses Plaintiff's residence, Defendant's jurisdictional allegations must address domicile, not residence, both at the time of the Complaint and the time of removal. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *see also Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (holding that diversity must exist "both at the time of the original filing in state court and at the time of removal").

Regarding the amount in controversy, the notice of removal states only that "[t]he matter in controversy exceeds $75,000.00, exclusive of interests and costs." ¶ 4. This statement, without further elaboration, does not carry Defendant's burden to establish jurisdiction. When a plaintiff has provided little information about the value of his claims and a defendant bears the burden of establishing the Court's jurisdiction, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Defendant must meet this standard for the Court to confirm its subject matter jurisdiction.

Accordingly, the Court **ORDERS** Defendant to **FILE**, on or before **June 25, 2020**, a supplemental jurisdictional statement regarding Plaintiff's citizenship and the amount in controversy in this case, as described above.

SO ORDERED this 5th day of June, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record